```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACEY CARTER                 :     CIVIL ACTION
                              :
     v.                       :
                              :
JOHN POTTER, POSTMASTER       :
GENERAL                       :     NO. 06-786
```

MEMORANDUM AND ORDER

McLaughlin, J.                                       September 5, 2006

       On August 9, 2006, the Court granted the defendant's Motion to Dismiss this workplace discrimination case on the ground that the plaintiff had failed to bring suit within 90-days of receiving a notice of final agency action, also known as a right to sue letter, from the Equal Employment Opportunity Commission (the "EEOC"). The plaintiff had conceded that he had received his right to sue letter more than 90 days before filing suit.

       The plaintiff now moves for reconsideration of the Court's decision, arguing that his claim should be considered timely because it was filed within 90 days of his attorney's receiving a copy of the plaintiff's right to sue letter. In support, the plaintiff now cites new authority that he had not previously submitted to the Court, including an EEOC regulation providing that, when a plaintiff is represented by counsel, the time frame for his receiving materials from the agency is to be

computed from the time that the materials were received by his attorney.  29 C.F.R. § 1614.605(d).

The plaintiff's additional authority does not change the Court's conclusion that his claim is time-barred.  The EEOC regulation that the plaintiff cites is binding only for administrative proceedings before the EEOC, not for federal lawsuits.  Federal courts have consistently held that the statutory 90-day time period for filing a discrimination claim begins to run when either the plaintiff or his attorney receives a copy of the right to sue letter, whichever occurs first.  Because the plaintiff admits that he received his right to sue letter more than 90 days before filing suit, his claim is time-barred.

The facts here are not in dispute.  The plaintiff admits in his Motion for Reconsideration that he received his right to sue letter on November 22, 2005.[1]  Ninety days after that date was Monday, February 20, 2006, a federal holiday.

---

[1] The plaintiff's Motion for Reconsideration states that he received the EEOC letter on November 22, 2005.  In the plaintiff's opposition to the defendant's motion to dismiss, however, the plaintiff states that he received the letter on November 21, 2005.  The correct date would appear to be November 21st, as this is the date that appears on the copy of the certified mail receipt for the letter, submitted by the defendant in support of his motion.  For purposes of determining when the plaintiff's 90-day period for filing his lawsuit expired, this difference is immaterial and need not be resolved.  Whether counted from November 21st or 22nd, the 90-day period ended on the 2006 President's Day weekend, which would have required filing on the next business day, Tuesday, February 21, 2006.

Under Rule 6 of the Federal Rules of Civil Procedure governing the computation of time, the plaintiff's suit therefore had to be filed on the next business day, Tuesday, February 21, 2006. The plaintiff did not file his suit until one day later, Wednesday, February 22, 2006.

The plaintiff's attorney, however, received a copy of the right to sue letter on November 28, 2005. Ninety days after that date is Sunday, February 26, 2006. If the date of the attorney's receipt of the letter triggered the 90-day limitations period, then the deadline for filing the plaintiff's complaint would have been Monday, February, 27, 2006, and the plaintiff's complaint would be timely.

The requirement that a plaintiff file suit within 90 days is mandated by statute and is to be "strictly construed." Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The statute requires that a suit be filed "[w]ithin 90 days of receipt of notice of final action" taken by the EEOC, but does not define who must "receive" the notice. 42 U.S.C. § 2000e-16(c). The U.S. Supreme Court has held that "receipt" can occur either through actual receipt of the notice by a plaintiff or through constructive receipt by the plaintiff's designated attorney. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 92-93 (1990).

The plaintiff argues that, once he notified the EEOC that he had retained counsel, he could receive notice only through his attorney. This is contradicted by both the plain language of the statute and the controlling law of this circuit. By the plain language of the statute, any "receipt of notice," whether actual receipt by the plaintiff or constructive receipt by his attorney, will start the 90-day period. This is the interpretation of the U.S. Court of Appeals for the Third Circuit which has held that the 90-day period starts "when either the claimant or her attorney receives a right to sue letter, whichever is earlier." Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 239 n.1 (3d Cir. 1999) (emphasis added); see also Reschny v. Elk Grove Plating Co., 414 F.3d 821, 823 (7th Cir. 2005) ("two types of receipt of a notice can start running the 90-day limitation period, and each does so equally well: actual receipt by the plaintiff, and actual receipt by the plaintiff's attorney, which constitutes constructive receipt by the plaintiff").

Neither the EEOC regulation nor the case law cited by the plaintiff in his motion is to the contrary. The regulation states, in pertinent part:

> Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. When the complainant designates an

4

>       attorney as representative, service of all official
>       correspondence shall be made on the attorney and the
>       complainant, but <u>time frames for receipt of materials
>       shall be computed from the time of receipt by the
>       attorney</u>.

29 C.F.R. § 1614.605(d) (emphasis added).  This regulation, however, concerns the procedures for administrative proceedings before the EEOC and does not purport to apply to the limitations period for filing in federal court.  See McKay v. England, 2003 WL 1799247 (D.D.C. 2003) (rejecting the argument that 29 C.F.R. § 1614.605(d) controlled when the 90-day limitations period began).  Even if the regulation were intended to govern the time for filing in federal courts, such a regulation would be beyond the EEOC's authority.  See Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 110-111 (3d Cir. 2003) (refusing to apply Chevron deference to an EEOC regulation that stated that notice sufficient to start the 90-day limitations period must be in writing and finding that "the power to create such a rule binding on courts is beyond the authority delegated to the EEOC").

    Also inapposite are the two additional cases that the plaintiff cites in his motion for reconsideration: Barbagallo v. Potter, 2005 WL 2460725 (M.D.N.C. Sept. 15, 2004) and Moore v. Henderson, 174 F. Supp. 2d 767 (N.D. Ill. 2001).  Both cases contain statements suggesting that notice to an employee's attorney is what triggers the 90-day limitations period.  See Barbagallo at *2 ("The triggering date is when the attorney,

if the employee designates an attorney as his representative, 'receives' the right to sue letter."); Moore at 773 ("If the plaintiff is represented by an attorney, and the EEO agency is informed of this fact, receipt by the attorney begins the running of the 90-day period.")  In both cases, however, the plaintiff's attorney received the EEOC's right to sue letter before the plaintiff did.  See Barbagallo at *3; Moore at 772.[2]  Neither case addresses the issue here of whether notice received by the plaintiff triggers the 90-day period when the plaintiff's attorney has yet to be served.

This Court, following Seitzinger, reaffirms its prior ruling that the plaintiff's 90-day period for filing his lawsuit began when he received actual notice of his right to sue on November 22, 2005.  That 90-day period expired Tuesday, February 22, 2006, one day before the plaintiff filed this suit.  Because this limitations period is to be strictly construed, "a claim filed even one day beyond this ninety day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement."  Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 176 (3d Cir. 1999).  Here, the plaintiff has not argued

---

[2] In Moore, the plaintiff's receipt of the notice was constructive, not actual.  The plaintiff in that case had moved without informing the EEOC of her new address.  The EEOC mailed a right to sue letter to the plaintiff's old address and it was returned as undeliverable.  The Moore court held this constituted constructive notice to the plaintiff and held the 90-day limitations period began running at this time.  Id. at 772-73.

for equitable tolling in either his opposition to the defendant's original motion or his motion for reconsideration, and there are no equitable factors presented here to override the 90-day requirement.

      An appropriate Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACEY CARTER                   :      CIVIL ACTION
                                :
     v.                         :
                                :
JOHN POTTER, POSTMASTER         :
GENERAL                         :      NO. 06-786
```

ORDER

AND NOW, this 5th day of September, 2006, upon consideration of the plaintiff's Motion for Reconsideration (Docket No. 6), IT IS HEREBY ORDERED that said motion is DENIED for the reasons set forth in the accompanying memorandum. This case is closed.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.